[No. 16680-5-III.    Division Three.    April 29, 1999.]

THE STATE OF WASHINGTON, *Respondent*, v. MARC ANDRE ROMERO, *Appellant*.

*David N. Gasch*, for appellant.

*James R. Sweetser, Prosecuting Attorney*, and *Kevin M. Korsmo, Deputy*, for respondent.

SCHULTHEIS, C.J. — Marc Romero, through counsel, appeals the consecutive sentences he received for deadly weapon enhancements on robbery and assault convictions. Pro se, he asks this court to reverse and dismiss the convictions due to lack of probable cause to arrest, impermissible witness identification, insufficient evidence to support the verdict as well as ineffective assistance of counsel both at the trial and on appeal. We reverse and remand for resentencing.

On August 18, 1996, a man holding what appeared to be an automatic weapon pushed Kimberly Russell away from the cash register at which she was working. He held the gun against her ribs while he took the cash from the till. Several store patrons witnessed the robbery.

John Byers and his daughter were passing by the store in their car when they saw the man with the cash run from the store. They followed him in their vehicle. The alleged robber ran to an older model Dodge pickup and opened the door. The robber turned and pointed the weapon at Mr. Byers and screamed at him to get out of the area. Afraid for their safety, they did as told. They saw the robber get into the Dodge pickup, which then drove away. Mr. Byers reported the pickup's license plate number to the authorities.

When law enforcement contacted Nancy Klumpp, the owner of the Dodge pickup, she admitted to driving the pickup from the scene but denied any involvement in the actual robbery. Ms. Klumpp said she was told to meet Mr. Romero at that location so they could get a bite to eat and go to a movie. When he got into her pickup after the robbery, Mr. Romero allegedly told Ms. Klumpp that if she told anyone about the incident he would kill her.

Mr. Romero was convicted, at the completion of a jury trial, of one count of first degree robbery and one count of second degree assault, with deadly weapon enhancements on both counts. He received concurrent standard range sentences on both counts, with the deadly weapon enhancements running consecutively to the underlying charges and consecutively to each other. Mr. Romero was sentenced to a total of 137 months of confinement with credit for time served. He filed a timely appeal.

Mr. Romero's appointed counsel initially filed an *Anders*[1] brief and Mr. Romero, pro se, filed a motion on the merits to reverse. The court scheduled a hearing on the motion to dismiss/*Anders*, but it was stricken when the Supreme Court decided *In re Post Sentencing Review of Charles*, 135 Wn.2d 239, 955 P.2d 798 (1998), which potentially changed the outcome of Mr. Romero's sentence. Mr. Romero's appointed counsel was allowed to file a revised brief, the sole issue being the weapon enhancement sentences. Mr. Romero filed a pro se supplemental brief as well as <u>another</u> motion on the merits to reverse.

The record reveals that Mr. Romero has filed pro se motions and written for legal advice several times over the past two years. The pleadings and correspondence are always addressed directly to the clerk of court instead of to his appointed counsel. Although the clerk's office has repeatedly forwarded the correspondence to his appellate counsel and has repeatedly advised Mr. Romero to do the same, the pattern persists.

Mr. Romero's latest pleading was a second motion on the merits to reverse this case. The issues raised in the motion are the same issues raised in his pro se brief. The State requested that this court dismiss Mr. Romero's pro se motion on the merits because he is represented by counsel on appeal; thus, the motion can be presented only through appellate counsel. We agree.

We first address the issue of whether appellants,

---

[1]*Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

represented by appellate counsel, may properly file pleadings with and/or request legal advice from the clerk of the Court of Appeals as it relates to their appeals. We conclude they may not.

The United States Supreme Court has held that a criminal defendant has both the Sixth and Fourteenth Amendment right to counsel as well as the derivative Sixth and Fourteenth Amendment right to represent oneself in state criminal proceedings without the assistance of counsel. *Gideon v. Wainwright*, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799, 93 A.L.R.2D 733 (1963). On the other hand, defendants may choose to waive assistance of counsel and represent themselves at trial. *Faretta v. California*, 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975). However, there is no constitutional right, either state or federal, to "hybrid representation," through which an accused may serve as co-counsel with his or her attorney. *State v. DeWeese*, 117 Wn.2d 369, 379, 816 P.2d 1 (1991); *State v. Bebb*, 108 Wn.2d 515, 524, 740 P.2d 829 (1987).

Our state constitution declares: "In criminal prosecutions the accused shall have the right to appear and defend in person, or by counsel, . . . ." CONST. art. I, § 22 (emphasis added). "[T]here is clearly no constitutional right to hybrid representation in this state where the rights in question are granted in the disjunctive." *State v. Hightower*, 36 Wn. App. 536, 541, 676 P.2d 1016, *review denied*, 101 Wn.2d 1013 (1984). The right to self-representation in a criminal matter, thus far, is an all-or-nothing process.

The above-cited cases all pertain to hybrid representation at the trial court level, not to appeals. Accordingly, *Faretta* and its progeny are not directly on point, but apply by analogy.

In *Douglas v. California*, 372 U.S. 353, 83 S. Ct. 814, 9 L. Ed. 2d 811 (1963), the Supreme Court held an indigent criminal defendant has a constitutional right to the assistance of counsel at public expense on his first appeal as of right. An appellant may also choose self-representation on appeal. However, just like in the trial court arena, there is

no rule that provides the right to hybrid representation on appeal.

■ Mr. Romero claimed he was forced to file pro se motions because he did not agree with the decisions being made by his appointed counsel. While there is a Sixth Amendment right to counsel, there is no right to representation by counsel of choice. *Wheat v. United States*, 486 U.S. 153, 159, 108 S. Ct. 1692, 100 L. Ed. 2d 140 (1988).

The facts of this case reveal Mr. Romero did not attempt to waive his right to appointed appellate counsel and proceed pro se. Consequently, pursuant to RAP 10.1(d), the only pleading Mr. Romero was permitted to file was a pro se supplemental brief once he notified the clerk of court he intended to do so. There is no other rule of appellate procedure that authorizes the filing of any other pleading or correspondence directly with the appellate court when, as in this case, the appellant is represented by counsel. We decline to expand RAP 10.1(d) to allow such.

Next, Mr. Romero contends the trial court erred when it ordered the deadly weapon enhancement portion of his sentence to run consecutively to each other as well as to the underlying crimes. The State concedes this issue pursuant to *Charles*, 135 Wn.2d 239. We agree.

■ Multiple weapon enhancements are to run consecutively to the underlying sentence for the crime to which they apply. However, whether the weapon enhancements run consecutive or concurrent to each other will depend on whether the total sentences run consecutively or concurrently according to the rules of the sentencing guidelines. *See* RCW 9.94A.400; *Charles*, 135 Wn.2d at 254.

We reverse the trial court and remand for resentencing with instructions to run the deadly weapon enhancements consecutively with the base sentences for the robbery and assault convictions. The trial court will then need to determine whether the total sentences should run consecutively or concurrently pursuant to RCW 9.94A.400.

Reversed and remanded for resentencing.

The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accordance with the rules governing unpublished opinions.

SWEENEY and BROWN, JJ., concur.

Review denied at 138 Wn.2d 1020 (1999).