COURT OF APPEALS DIV 1
2014 APR 21  AM 11: 51


IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 69906-7-I |
| | ) | consolidated with |
| Respondent, | ) | No. 69907-5-I |
| | ) | |
| v. | ) | |
| | ) | |
| RODNEY LOUIS GARROTT, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: April 21, 2014 |
| | ) | |

VERELLEN, J. — Subsequent convictions are properly included in a defendant's offender score upon resentencing. Rodney Garrott was entitled to be resentenced after a prior conviction was reversed on appeal, but the trial court did not err by including subsequent convictions in his offender score at his 2013 resentencing. We affirm.

## FACTS

In May 2004, Garrott pleaded guilty to two counts of residential burglary and one count of second degree possessing stolen property (the May 2004 convictions). His offender score at sentencing included prior convictions for residential burglary and first degree trafficking in stolen property. The trial court calculated his offender score at 7 with a standard range of 43 to 57 months and imposed a sentence of 50 months.

In May 2005, this court reversed his prior convictions and, on remand, Garrott pleaded guilty to one count of residential burglary as part of a plea bargain dropping the trafficking charge.

In 2006, the trial court entered judgment and sentence against Garrott on two subsequent, unrelated counts of residential burglary.

In August 2011, Garrott filed a personal restraint petition in the Washington Supreme Court, arguing that the judgments and sentences on the May 2004 convictions were facially invalid because they included the now reversed prior convictions in the offender score. He asked that the court remand for resentencing at a lower offender score. The State conceded that the convictions were facially invalid, but argued that his offender score at resentencing would likely be significantly higher because his 2006 convictions would be included. The Supreme Court commissioner invited supplemental briefing from Garrott, stating "I am not persuaded Mr. Garrott fully appreciates the peril underlying his request for resentencing."[1]

The Supreme Court considered Garrott's supplemental brief, granted his personal restraint petition, and remanded to the trial court for resentencing on the May 2004 convictions. At resentencing, the trial court calculated his offender score as 16, including Garrott's 2006 subsequent convictions and five previously undisclosed but subsequently discovered 1999 convictions from Illinois. Given his offender score, the standard range was 63 to 84 months, and the trial court sentenced him to 63 months.

Garrott appeals.

## DISCUSSION

### Offender Score at Resentencing

Garrott argues that the State had a duty to promptly resentence him on the May 2004 convictions and that its failure to do so violated due process and fundamental

---

[1] Clerk's Papers at 164.

fairness because the 2013 resentencing resulted in a higher offender score and sentence. We disagree.

Garrott cites no authority for his proposition that the State had a duty to promptly resentence him on the May 2004 convictions after the prior convictions were reversed in 2005. To the extent Garrott alludes to speedy sentencing case law, he provides no authority that such standards apply to this resentencing after prior convictions were reversed on appeal.[2] Therefore, we do not consider these arguments.[3]

Alternatively, Garrott argues that the trial court erred by including the intervening convictions in his offender score. Garrott acknowledges that State v. Collicott recites that there is no prohibition against using the defendant's subsequent convictions in recalculating the standard range on resentencing.[4] But he argues that State v. Whitaker is more analogous and requires that the subsequent convictions not be included in his offender score.[5]

In Whitaker, the analysis turned on whether the defendant's "date of sentencing" was the date of his original probation hearing or a later hearing revoking his probation.[6]

---

[2] See generally Susan L. Thomas, Annotation, *When Does Delay in Imposing Sentence Violate Speedy Trial Provision*, 86 A.L.R. 4th 340 (1991).

[3] State v. Young, 89 Wn.2d 613, 625, 574 P.2d 1171 (1978) (where no authority is cited, we may assume counsel found none after a search) (quoting DeHeer v. Seattle Post-Intelligencer, 60 Wn.2d 122, 126, 372 P.2d 193 (1962)).

[4] 118 Wn.2d 649, 827 P.2d 263 (1992).

[5] 112 Wn.2d 341, 771 P.2d 332 (1989).

[6] Whitaker, 112 Wn.2d at 344. Whitaker was convicted before the legislature enacted the Sentencing Reform Act of 1981, which provides for community custody instead of probation. Id. at 342.

Garrott's sentences do not involve probation or revocation of probation, so Whitaker is not on point.

Rather, this case is more analogous to Collicott. There, Collicott pleaded guilty in 1985 to burglary, rape, and kidnapping.[7] In 1986, after sentencing for the 1985 convictions, Collicott again pleaded guilty to another burglary charge.[8] In 1992, Collicott successfully appealed the 1985 convictions, and the Supreme Court held that on remand, the 1986 burglary conviction could be included when calculating Collicott's offender score at resentencing for the 1985 crimes.[9] In doing so, the court distinguished Whitaker because there was no probation or revocation of probation at issue.[10]

Garrott argues that the portion of Collicott that speaks to offender scores is dicta and has no precedential value. But even if dicta, State v. Shilling stands for the same proposition.[11] In Schilling, this court held that an "offender score includes *all* prior convictions (as defined by RCW 9.94A.030(9)) existing at the time of that particular sentencing, without regard to when the underlying incidents occurred, the chronological relationship among the convictions, or the sentencing or resentencing chronology."[12] Garrott makes no attempt to distinguish Shilling.

---

[7] Collicott, 118 Wn.2d at 650.

[8] Id. at 653.

[9] Id. at 664-65.

[10] Id. at 665.

[11] 77 Wn. App. 166, 889 P.2d 948 (1995).

[12] Id. at 175.

Because <u>Collicott</u> and <u>Shilling</u> both support the inclusion of Garrott's Illinois convictions and subsequent convictions in his offender score at resentencing, the trial court did not err.

### *Statement of Additional Grounds*

Garrott raises several additional grounds for review, but most are premised on his claim that the State was required to promptly resentence him.[13] For the reasons outlined above, this argument fails.

Garrott relies on <u>State v. Ellis</u>[14] and <u>State v. Modest</u>[15] to support his argument that he was entitled to a speedy resentencing. But neither is applicable here. In <u>Ellis</u>, this court held that the defendant was entitled to a dismissal of charges against him where there was a 23-month delay in sentencing.[16] In <u>Modest</u>, this court held that, although presumptively prejudicial, a two-year delay between the mandate after appeal and resentencing did not require dismissal of the charges because the defendant was not actually prejudiced by the delay.[17] These cases have no application here because Garrott did not appeal his May 2004 convictions and sentencing on those convictions was never delayed.

---

[13] In his statement of additional grounds for review, Garrott quotes authority holding that a defendant has no duty to bring himself to trial or to be sentenced. But this authority does not address whether the State has an affirmative duty to resentence a defendant under these circumstances. Therefore, it is not persuasive.

[14] 76 Wn. App. 391, 885 P.2d 1360 (1994).

[15] 106 Wn. App. 660, 24 P.3d 1116 (2001).

[16] <u>Ellis</u>, 76 Wn. App. at 395.

[17] <u>Modest</u>, 106 Wn. App. at 665.

Garrott also argues that the trial court erred in failing to address his motion for relief from judgment or order. But he failed to designate this motion or the trial court's order as part of the record on appeal. Therefore, the record is inadequate to permit our review of this issue.[18]

Finally, Garrott has moved to modify the court administrator's ruling that he may not file a pro se reply brief. Because he is represented by counsel on appeal, his proposed reply brief seeks to add new assignments of error on appeal and he has filed a statement of additional grounds on appeal, we deny his motion.[19]

We affirm the trial court.

WE CONCUR:

---

[18] State v. Vazquez, 66 Wn. App. 573, 583, 832 P.2d 883 (1992) (a party seeking review has the burden of perfecting the record so that the reviewing court has before it all of the evidence relevant to the issues raised on appeal); State v. Wheaton, 121 Wn.2d 347, 365, 850 P.2d 507 (1993) (where the record is inadequate for review of an issue, an appellate court will not reach the issue).

[19] Other than a statement of additional grounds for review under RAP 10.10, there is "no other rule of appellate procedure that authorizes the filing of any other pleading or correspondence directly with the appellate court when, as in this case, the appellant is represented by counsel." State v. Romero, 95 Wn. App. 323, 327, 975 P.2d 564 (1999).