IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

STATE OF WASHINGTON,               )     No. 72804-1-I
                                   )
                    Respondent,    )
                                   )
          v.                       )     UNPUBLISHED OPINION
                                   )
ZACHARY DANIEL NGUYEN,             )
                                   )
                    Appellant.     )     FILED: March 21, 2016
_____)

SCHINDLER, J. — A jury convicted Zachary Daniel Nguyen of burglary in the first

degree, attempted robbery in the first degree, and assault in the second degree. By

special verdict, the jury found Nguyen was armed with a firearm when he committed the

crimes of burglary in the first degree, attempted robbery, and assault. Nguyen appeals

imposition of the consecutive sentence for the firearm enhancements. We affirm.

The State charged Nguyen with burglary in the first degree while "armed with a

9mm handgun" in violation of RCW 9A.52.020 and RCW 9.94A.533(3), count I; robbery

in the first degree while "armed with a 9mm handgun" in violation of RCW 9A.56.190

and .200(1)(a)(iii) and RCW 9.94A.533(3), count II; and assault in the second degree

while "armed with a 9mm handgun" in violation of RCW 9A.36.021(1)(c) and RCW

9.94A.533(3), count III.

The court instructed the jury on the charged crimes and the lesser-included offense of attempted robbery in the first degree. The court also instructed the jury that "the State must prove beyond a reasonable doubt that the defendant was armed with a firearm at the time of the commission of the crimes in Counts I, II and III."

The jury found Nguyen guilty of burglary in the first degree, the lesser-included crime of attempted robbery in the first degree, and assault in the second degree. By special verdict, the jury found Nguyen was armed with a firearm at the time he committed the crimes of burglary in the first degree, count I; attempted robbery in the first degree, count II; and assault in the second degree, count III. The court imposed a concurrent sentence of 80 months for count I, 80 months for count II, and 50 months for count III. Based on the jury firearm findings, the court imposed a mandatory consecutive term of confinement of 60 months for count I, 36 months for count II, and 36 months for count III.

In Nguyen's first appeal, we accepted the State's concession that the conviction for assault in the second degree merged with the conviction for attempted robbery in the first degree. State v. Nguyen, 180 Wn. App. 1041, 2014 WL 1692453, at *1 (2014). We affirmed the convictions for burglary in the first degree while armed with a firearm and attempted robbery in the first degree while armed with a firearm. Nguyen, 2014 WL 1692453, at *1, *4.

On remand, Nguyen's attorney filed a presentence report asking the court to impose a sentence of 41 months for the burglary in the first degree conviction plus 60 months for the firearm enhancement, and 42.75 months for the attempted robbery in the first degree conviction plus 36 months for the firearm enhancement.

Nguyen also filed a pro se "Defendant's Resentencing Memorandum." Nguyen argued that under Alleyne v. United States, ___ U.S. ___,133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013), he must "be sentenced upon a sigle [sic] firearm enhancement because the consecutive sentences for the firearm enhancements are elements of the crimes charged and not proven beyond a reasonable doubt to the jury in the State's to convict instruction."

At the sentencing hearing, the court asked Nguyen's attorney if any authority allowed the court to impose a concurrent instead of consecutive sentence for the firearm enhancements. Nguyen's attorney stated that he was "not familiar with any case law yet that allows that."

The court imposed a standard range concurrent sentence of 67 months for the burglary in the first degree and attempted robbery in the first degree convictions, and based on the jury firearm findings, consecutive mandatory term of confinement of 60 months for burglary in the first degree and 36 months for attempted robbery in the first degree.

Nguyen appeals, arguing the State did not prove beyond a reasonable doubt that he was armed with a firearm at the time he committed the crimes of burglary in the first degree and attempted robbery in the first degree.[1]

We review de novo whether a sentence violates the right to a jury trial under the Sixth Amendment to the United States Constitution. State v. Olsen, 180 Wn.2d 468, 472, 325 P.3d 187 (2014). Under Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.

---

[1] For the purpose of resolving this appeal, the State disregards Nguyen's failure to properly preserve the issue he raises on appeal. See State v. Romero, 95 Wn. App. 323, 326, 975 P.2d 564 (1999) (no constitutional right to "hybrid representation" at trial); State v. Thompson, 169 Wn. App. 436, 494, 290 P.3d 996 (2012) (trial court has no duty to rule on pro se motions filed by a defendant who is represented by an attorney).

Ct. 2348, 147 L. Ed. 2d 435 (2000), any fact, other than a prior conviction, that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. Under Alleyne, 133 S. Ct. at 2155, any fact that increases a mandatory minimum sentence for a crime is an element of the crime and must be submitted to the jury.

RCW 9.94A.533(3)(a) and (b) mandates the imposition of a firearm enhancement sentence of five years for a class A felony[2] and three years for a class B felony.[3] State v. Kelley, 168 Wn.2d 72, 78, 226 P.3d 773 (2010) (RCW 9.94A.533(3) "mandates imposition of firearm sentence enhancements for felonies if the offender . . . was armed with a firearm during the commission of felony enhancement-eligible crimes"). RCW 9.94A.533(3)(e) states, in pertinent part:

> [A]ll firearm enhancements under this section are mandatory, shall be served in total confinement, and shall run consecutively to all other sentencing provisions, including other firearm or deadly weapon enhancements, for all offenses sentenced under this chapter.

Because firearm enhancements under RCW 9.94A.533(3) increase the penalty for a crime beyond the prescribed statutory maximum, the State must allege and prove beyond a reasonable doubt that the defendant was armed with a firearm during the commission of the charged crime. State v. Recuenco, 163 Wn.2d 428, 439-40, 180 P.3d 1276 (2008); State v. Johnson, 185 Wn. App. 655, 673-74, 342 P.3d 338 (2015).

The undisputed record establishes the information alleged Nguyen was armed with a firearm during the commission of the crime of burglary in the first degree and robbery in the first degree. The court instructed the jury that the State had the burden of

---

[2] Burglary in the first degree is a class A felony. RCW 9A.52.020(2).

[3] Attempted robbery in the first degree is a class B felony. RCW 9A.28.020(3)(b); RCW 9A.56.200(2).

4

proving the elements of the crimes beyond a reasonable doubt and that the State had the burden to prove beyond a reasonable doubt that Nguyen was armed with a firearm. By special verdict, the jury expressly found Nguyen was armed with a firearm during the commission of the crime of burglary in the first degree and the lesser-included crime of attempted robbery in the first degree.

We affirm the judgment and sentence and imposition of the mandatory consecutive sentence for the firearm enhancements.

_Schindler, J._

WE CONCUR:

_Spearman, C.J._            _Becker, J._

5