# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of:<br><br>ERIC DURAN MACK,<br><br>                       Petitioner. | No. 58567-7-II<br><br><br>UNPUBLISHED OPINION |

VELJACIC, A.C.J. — In this personal restraint petition (PRP), Eric D. Mack seeks relief from restraint following his guilty plea to rape in the first degree and assault in the second degree. In his initial pro se petition, Mack alleges his guilty plea was involuntary and gives numerous reasons why he received ineffective assistance of counsel. In a supplemental brief, appointed counsel raised additional grounds for relief not included in Mack's initial petition. We dismiss these new grounds raised in Mack's supplemental brief as time barred and deny Mack's PRP.

## FACTS

### I.     BACKGROUND FACTS

In 2020, CD reported to police that she had been raped. She reported to police that the rape occurred outdoors in Centralia, that she saw a Geo Metro, and that the person involved had an axe. CD went to the hospital where a sexual assault nurse practicer swabbed CD for deoxyribonucleic acid (DNA). The DNA matched Mack.

The police located Mack, and Centralia Police Sergeant David Clary interviewed him. During the interview, Mack admitted to having sex with CD. He claimed that he met a woman in Centralia while driving his Geo Metro. Mack said he drove to an area without people around and then the two had consensual sex. Clary inquired about an axe. Mack told the officer that he had an axe in his door panel. Mack claimed that the axe was only for protection and that he set it down while having sex with CD.

II.    CHARGES AND START OF TRIAL

The State charged Mack with rape in the first degree and later amended the charges to add kidnapping in the second degree. The State alleged three aggravating factors on the rape charge and one aggravating factor on the kidnapping charge.

The State moved to admit evidence of four similar rapes that occurred in Las Vegas under ER 404(b). After a hearing, the court allowed evidence from one victim, BG (formerly known as BK).

The matter proceeded to trial. After the State presented its case, defense counsel requested a recess to consult with Mack. The parties took a one-hour recess. When they reconvened, defense counsel informed the court that Mack intended to enter a guilty plea.

III.    PLEA AGREEMENT

In exchange for Mack's guilty plea, the State amended the charges to rape in the first degree and assault in the second degree. The second amended information alleged that Mack committed rape in the first degree by engaging in sexual intercourse with another person by forcible compulsion and using or threatening to use a deadly weapon, kidnapping the victim, inflicting serious physical injury, or feloniously entering a building or vehicle where the victim was situated contrary to former RCW 9A.44.040(1) (1998). The assault in the second degree charge was based

on the allegation that Mack intentionally assaulted another with a deadly weapon contrary to RCW 9A.36.021(1)(c). The State agreed to remove all aggravating factors as part of the plea agreement.

Mack signed his guilty plea statement, acknowledging that he had been informed that he was pleading guilty to rape in the first degree and assault in the second degree and that he was voluntarily making his plea. The statement included a hand-written statement of the facts of the charges. The trial court had the following colloquy with the parties:

> THE COURT: Okay. And you had the opportunity to go over this Statement of Defendant on Plea of Guilty with [defense counsel]?
> MACK: Yes, I have.
> DEFENSE COUNSEL: So I'm going to ask for the plea form back to make a change. I have indicated on the plea form "sexual intercourse by forcible compulsion." The prosecutor indicates that that's Rape 2, and I'm going to change—with my client's permission change the language from "forcible compulsion" to "kidnapping."
> THE COURT: Okay.
> DEFENSE COUNSEL: And the reason for that is we don't want to do it while armed with a deadly weapon because of the Assault 2.
> THE COURT: Okay.
> DEFENSE COUSNEL: Would the State agree with the that?
> PROSECUTOR: It's "and," not—you don't take out the "forcible compulsion"; you just add "and threatened with"—or add "kidnapped."
> DEFENSE COUNSEL: Okay. All right.
> THE COURT: And your client understands that [defense counsel]?
> DEFENSE COUNSEL: Do you understand what I just said?
> MACK: Yes.
> DEFENSE COUNSEL: Yes?
> MACK: Yes.
> DEFENSE COUNSEL: You have to say it out loud.
> THE COURT: He did.
> MACK: Yes.
> THE COURT: He's essentially correcting to make it legally sufficient to match the elements of the crime that you're pleading guilty to.
> MACK: Okay; that's fine.

2 Rep. of Proc. (RP) at 178-79. Defense counsel then added the words "with kidnapping" to Mack's statement of the facts on his guilty plea statement, which then read: "On 10-24-2020, in Lewis Co WA, I had sexual intercourse with another by forcible compulsion *with kidnapping* the

3

victim and threatened the victim with a deadly weapon (Assault 2°)." Clerk's Papers (CP) at 28 (emphasis added).

Mack acknowledged that defense counsel went over the second amended information with him, which included the elements of each crime. Specifically, Mack was notified that rape in the first degree was charged based on an allegation of kidnapping. The trial court then stated, "So in paragraph 11 of the statement on plea of guilty, it states 'On October 24th, 2020, in Lewis County, Washington, I had sexual intercourse with another by forcible compulsion and with kidnapping the victim, threatened the victim with a deadly weapon,' which is the Assault 2. Is that your statement?" 2 RP at 184-85. Mack replied, "Yes." 2 RP at 185. The court then asked Mack if this was "a true and accurate statement of what you believe makes you guilty in both of these counts in the Second Amended Information?" 2 RP at 185. Mack again replied, "Yes." 2 RP at 185.

The State agreed to recommend an indeterminate sentence of 160 months to life.

IV. SENTENCING

On August 24, 2022, the trial court agreed with the prosecutor's sentence recommendation and sentenced Mack to an indeterminate sentence of 160 months to life. Mack did not appeal his judgment and sentence and instead filed this PRP.[1]

---

[1] Mack originally filed a CrR 7.8 motion. The superior court found that the motion was timely, but that Mack did not make a substantial showing that he was entitled to relief. The superior court transferred the motion to this court as a personal restraint petition under CrR 7.8(c)(2). Mack had previously filed a PRP in December 2022, but he withdrew the petition. *See* Ruling Terminating Review, *In re Pers. Restraint of Mack*, No.58042-0-II (June 13, 2023). Since we did not "entertain" Mack's initial petition, his current petition is not successive and is therefore properly before us. RAP 16.4(d).

ANALYSIS

Mack alleges that his guilty plea was involuntary and that defense counsel rendered deficient performance for failing to make sure Mack understood the elements of the rape in the first degree charge before pleading guilty. Mack further argues in his initial petition that defense counsel rendered ineffective assistance of counsel by not discussing defense strategy with him, not objecting to evidence, failing to interview witnesses, not allowing Mack to testify, failing to cross examine CD, falling asleep during an interview, and not ensuring that the State recommended 120 months instead of 160 months. In his supplemental brief, Mack alleges that defense counsel rendered ineffective assistance of counsel by not providing Mack with photographs later entered as exhibits, failing to meaningfully cross examine BG, and not ensuring disclosure of National Crime Institute Center information to him. Because Mack has not shown unlawful restraint, and the other issues he raises in his supplemental brief are dismissed as time-barred, we deny his petition.

I.      PRP PRINCIPLES

A.      Legal Principles

To prevail in a PRP, the petitioner must establish by a preponderance of the evidence (1) a constitutional error that resulted in actual and substantial prejudice or (2) a fundamental defect of a nonconstitutional nature that inherently resulted in a complete miscarriage of justice. *In re Pers. Restraint of Meredith*, 191 Wn.2d 300, 306, 422 P.3d 458 (2018). Establishing "actual and substantial prejudice" means more than merely showing the possibility of prejudice; the petitioner must establish that if the alleged error had not occurred, the outcome more likely than not would have been different. *In re Pers. Restraint of Meippen*, 193 Wn.2d 310, 315-16, 440 P.3d 978 (2019).

RAP 16.7(a)(2) requires a petitioner to specifically identify the evidence available to support the factual allegations in the PRP. *In re Pers. Restraint of Wolf*, 196 Wn. App. 496, 503, 384 P.3d 591 (2016). Conclusory allegations are insufficient. *Id.* Any factual allegations must be based on more than speculation and conjecture. *In re Pers. Restraint of Yates*, 177 Wn.2d 1, 18, 296 P.3d 872 (2013). The petitioner must show that he has competent, admissible evidence to establish facts that would entitle him to relief. *Id.*

We have three options when considering a PRP. First, if the petitioner does not show actual prejudice for constitutional errors or a fundamental defect resulting in a miscarriage of justice for nonconstitutional errors, we will dismiss the PRP. *Id.* at 17-18. Second, if the petitioner has proved actual prejudice or a fundamental defect resulting in a miscarriage of justice, we will grant the PRP. *Id.* at 18. And third, if the petitioner makes at least a prima facie showing but the merits of their contentions cannot be resolved solely on the record, we will remand the matter to the trial court for a full hearing on the merits or a reference hearing. *Id.*

B.      Timeliness Principles

A personal restraint petition generally must be filed within one year of the date that the petitioner's judgment and sentence becomes final. RCW 10.73.090(1). A judgment and sentence becomes final on the date that it is filed with the clerk of the superior court. RCW 10.73.090(3)(a). A petition filed more than one year later is time barred unless the petitioner shows that their judgment and sentence is facially invalid or was not rendered by a court of competent jurisdiction. RCW 10.73.090(1). Or the petitioner must show that their petition is based solely on one of the enumerated exceptions to the time bar in RCW 10.73.100.

If a petition raises claims that are both timely and untimely under RCW 10.73.100, then the petition is mixed and must be dismissed. *In re Pers. Restraint of Hankerson*, 149 Wn.2d 695,

702, 72 P.3d 703 (2003). However, if any supplemental brief includes new claims, the new claims would be subject to the time bar based on the timing of the supplemental brief, not the initial petition. *See In re Pers. Restraint of Wilson*, 169, Wn. App. 379, 393-94, 279 P.3d 990 (2012). Therefore, the mixed petition rule as stated in *Hankerson* does not apply to the timely-filed claims. *In re Pers. Restraint of Ramsey*, ___ Wn. App. 2d. ___, 576 P.3d 597, 601 (2025).

## II.     VOLUNTARINESS OF GUILTY PLEA

Citing CrR 4.2, Mack contends that his guilty plea was involuntary and, therefore, he should be permitted to withdraw it. We disagree.

Whether a guilty plea is knowing, intelligent, and voluntary is a constitutional issue; therefore, in a PRP based on the voluntariness of a plea, the petitioner must show actual and substantial prejudice. *In re Pers. Restraint of Swagerty*, 186 Wn.2d 801, 807, 383 P.3d 454 (2016). To show this level of prejudice, the petitioner must show that there is a reasonable probability that the petitioner would not have pleaded guilty and would have instead insisted on going to trial. *State v. Buckman*, 190 Wn.2d 51, 65, 409 P.3d 193 (2018). "A 'reasonable probability' exists if the defendant 'convince[s] the court that a decision to reject the plea bargain would have been rational under the circumstances.'" *State v. Sandoval*, 171 Wn.2d 163, 175, 249 P.3d 1015 (2011) (alteration in original) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 374, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010)). "Rationality is an objective inquiry informed by the circumstances of the defendant." *Buckman*, 190 Wn.2d at 66-67. Therefore, "'[a] bare allegation that a petitioner would not have pleaded guilty if he had known all the consequences of the plea is not sufficient to establish prejudice,' regardless of whether that allegation is credible or not." *Id*. at 67 (alteration in original) (quoting *In re Pers. Restraint of Riley*, 122 Wn.2d 772, 782, 863 P.2d 554 (1993)).

When the petitioner pleads guilty, CrR 4.2 is also implicated. *In re Pers. Restraint of Clements*, 125 Wn. App. 634, 640, 106 P.3d 244 (2005). Trial courts must allow a defendant to withdraw their guilty plea "whenever it appears that the withdrawal is necessary to correct a manifest injustice." CrR 4.2(f). Manifest injustice is a demanding standard and the defendant must establish that they suffered "'an injustice that is obvious, directly observable, overt, [and] not obscure.'" *Clements*, 125 Wn. App. at 640 (quoting *State v. Branch*, 129 Wn.2d 635, 641, 919 P.2d 1228 (1996)). When a motion to withdraw a guilty plea is made after judgment, review is governed by CrR 7.8. CrR 4.2(f). A postjudgment motion must show a constitutional error that resulted in actual and substantial prejudice. *Swagerty*, 186 Wn.2d at 807. "[A] postjudgment motion to withdraw a guilty plea must either meet the requirements of both CrR 4.2(f) and CrR 7.8 or only CrR 7.8." *State v. Lamb*, 175 Wn.2d 121, 129, 285 P.3d 27 (2012) (emphasis omitted).

Here, Mack argues that he did not understand the nature of the charges against him because defense counsel altered his guilty plea statement to include the words "with kidnapping." CP at 28. But the State notified Mack in the second amended information that he was charged with rape in the first degree based on his engaging in sexual intercourse with another person, by forcible compulsion and that he "kidnapped the victim." CP at 15. And Mack acknowledged that counsel went over the second amended information with him. Mack also signed his guilty plea statement, acknowledging that he had been informed that he was pleading guilty to rape in the first degree and assault in the second degree and that he was voluntarily making his plea. Moreover, Mack repeatedly informed the trial court that he understood the correction on the guilty plea form. Mack also received a favorable plea agreement mid trial that removed all aggravating factors. Mack does not show a reasonable probability exists that a decision to reject the plea bargain would have been rational under the circumstances. *Sandoval*, 171 Wn.2d at 175. Accordingly, Mack has not

met his burden to show constitutional error that resulted in actual and substantial prejudice nor manifest injustice that requires withdrawal of his guilty plea.

III. INEFFECTIVE ASSISTANCE OF COUNSEL

Mack next argues defense counsel rendered deficient performance for failing to make sure Mack understood the elements of the rape in the first degree charge before pleading guilty. We disagree.

Both the United States Constitution and the Washington Constitution guarantee the right to effective assistance of counsel. U.S. CONST. amend. VI; WASH. CONST. art. I, § 22. In the context of a PRP alleging ineffective assistance of counsel, a petitioner who demonstrates ineffective assistance of counsel necessarily shows actual and substantial prejudice. *In re Pers. Restraint of Crace*, 174 Wn.2d 835, 843, 280 P.3d 1102 (2012).

To prevail on an ineffective assistance of counsel claim, the petitioner must show (1) that counsel's performance was deficient and (2) the deficient performance resulted in prejudice. *State v. Bertrand*, 3 Wn.3d 116, 128, 546 P.3d 1020 (2024). An ineffective assistance of counsel claim fails if the petitioner fails to satisfy either prong of the inquiry. *Crace*, 174 Wn.2d at 847. Therefore, we need not consider both prongs if the petitioner fails to satisfy one. *Id*.

Deficient performance is performance falling "'below an objective standard of reasonableness.'" *Bertrand*, 3 Wn.3d at 128 (quoting *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995)). The petitioner alleging ineffective assistance must overcome a strong presumption that counsel's performance was reasonable. *Bertrand*, 3 Wn.3d at 128. To show prejudice, the petitioner must demonstrate that "'there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceedings would have been different.'" *Id*. at 129 (quoting *State v. Kyllo*, 166 Wn.2d 856, 862, 215 P.3d 177 (2009)).

Here, Mack cannot show that defense counsel's performance fell below an objective standard of reasonableness. Counsel negotiated a favorable plea agreement mid trial that removed all aggravating factors. Additionally, when counsel needed to edit the guilty plea statement, counsel went over the charges with Mack and repeatedly, on the record, inquired whether Mack understood the changes. Mack responded in the affirmative. Accordingly, Mack cannot show that defense counsel's performance was deficient. His ineffective assistance of counsel claim on this basis fails.

IV.     OTHER INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS IN INITIAL PETITION

In his initial petition, Mack also argues that defense counsel rendered ineffective assistance of counsel for failing to meet with him to discuss defense strategy, not objecting to evidence, failing to interview witnesses, denying Mack an opportunity to testify, failing to cross examine CD, falling asleep during an interview, and not ensuring the State recommended 120 months instead of 160 months. However, Mack fails to specifically identify the evidence available to support these factual allegations as required under RAP 16.7(a)(2). *Wolf*, 196 Wn. App. at 503. Instead, he merely provides conclusory allegations, which are insufficient to warrant relief. *Id.* Therefore, we decline to address these allegations further.

V.      TIME BARRED ISSUES IN SUPPLEMENTAL PETITION

In his supplemental brief, Mack alleges that defense counsel rendered ineffective assistance of counsel by failing to provide Mack with photographs later entered as exhibits, failing to meaningfully cross examine BG, and not ensuring disclosure of National Crime Institute Center information to him. We dismiss these claims as time barred.

Mack's judgment and sentence was entered on August 24, 2022. Mack filed his initial petition on August 14, 2023. Thus, the initial petition was timely under RCW 10.73.090(1). Mack's supplemental brief was filed on September 30, 2024. As discussed above, if a supplemental brief includes new untimely claims, the matter is not dismissed as a mixed petition; rather, the new claims are subject to the time bar based on the timing of the supplemental brief. *See Wilson*, 169, Wn. App. at 393-94; *Ramsey*, 576 P.3d 597, 601.

Mack argues that his additional ineffective assistance claims are not time barred because they are part and parcel to the claims raised in his initial petition.

Division One of this court has held that an ineffective assistance of counsel claim was not time-barred when it was "part and parcel" of a claim raised in the timely PRP. *Wilson*, 169 Wn. App. at 387-88. In *Wilson*, the petitioner filed a timely petition arguing instructional error and then later, in a supplemental brief filed after the time-bar, his attorney reframed the issue as ineffective assistance of counsel for proposing a defective instruction. *Id*. at 387. The State argued that this was a new claim that could not be brought after the expiration of the time bar. *Id*. at 387.

The court held that the ineffective assistance of counsel argument was not a new claim. *Id*. at 387-88. Rather, it was part and parcel of the instructional error claim made in the timely petition. *Id.* at 387. This was so because under the facts of *Wilson*, there was no avenue for the petitioner to seek relief from a clearly erroneous instruction except through an ineffective assistance of counsel claim. *Id*. Wilson's trial counsel had proposed the erroneous instruction, preventing Wilson from raising the claim directly because the invited error doctrine barred relief. *Id*.

We have held that *Wilson* is limited. *In re Pers. Restraint of Tricomo*, 13 Wn. App. 2d 223, 243, 463 P.3d 760 (2020). Wilson dealt specifically with an instructional error that could not be raised outside a claim of ineffective assistance of counsel because it would have been precluded be the invited error doctrine. *Id*. at 243-24. In that sense, the claim was "'part and parcel of the original claim and not a new claim.'" *Id*. at 244 (quoting *Wilson*, 169 Wn. App. at 387).

Here, Mack's ineffective assistance of counsel claims regarding photographs, the cross examination of BG, and National Crime Institute Center information are not part and parcel of the ineffective assistance of counsel claim raised in the initial petition. Resolution of the different claims rests on distinct facts and legal theories. Moreover, Mack does not demonstrate that his judgment and sentence is facially invalid or was not rendered by a court of competent jurisdiction, or that any of the time-bar exceptions in RCW 10.73.100 apply. Therefore, the three additional ineffective assistance claims raised in the supplemental brief are time-barred and must be dismissed.[2]

CONCLUSION

Because Mack has not shown unlawful restraint, and the other issues he raises are dismissed as time-barred, we deny his petition.

---

[2] The State moves to strike Mack's pro se motions filed on September 26, 2023 and January 3, 2024. Mack's September 26, 2023 filing objected to the CrR 7.8 transfer and also included a motion to supplement the initial petition with additional argument. This court informed Mack that it would address his September 26, 2023 objection when the court considers his petition. We conclude that the trial court properly transferred this matter to us as a PRP under CrR 7.8(c)(2), and because Mack provides no basis for accepting his time-barred supplemental arguments contained within his September 26, 2023 filing, we deny—rather than strike—his motion to supplement. Regarding the January 3, 2024 motion, Mack was represented by counsel when he filed this motion. Therefore, we properly placed this motion in Mack's file without further action under *State v. Romero*, 95 Wn. App. 323, 326, 975 P.2d 564 (1999).

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljacic, A.C.J.

We concur:

Maxa, J.

Price, J.