IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No.  39831-5-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ZACHARY BERGSTROM, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

COONEY, J. — Zachary Bergstrom pleaded guilty to four felony charges as part of a plea agreement.  Among the charges was one count of unlawful possession of a controlled substance (PCS).  Mr. Bergstrom's PCS conviction was vacated following the Supreme Court's decision in *State v. Blake*.[1]  Nevertheless, Mr. Bergstrom has filed three motions under CrR 7.8 to vacate the remaining three convictions or to withdraw his guilty pleas to those charges.  The first two motions were denied by the trial court and later affirmed on appeal.[2]

---

[1] 197 Wn.2d 170, 481 P.3d 521 (2021).

[2] *State v. Bergstrom*, No. 38514-1-III, (Wash. Ct. App. Jan. 24, 2023).

No. 39831-5-III
*State v. Bergstrom*

In deciding Mr. Bergstrom's third motion to withdraw his guilty pleas, the trial court found that the motion was not time-barred because *Blake* was a change in the law that invalidated Washington's PCS statute. The trial court further found Mr. Bergstrom's plea agreement was indivisible, but denied his motion because he had failed to demonstrate the requisite actual and substantial prejudice necessary for relief.

Mr. Bergstrom appeals the trial court's denial of his motion to withdraw his guilty pleas. He contends that his guilty plea to the "nonexistent" PCS charge entitles him to withdraw all of the pleas entered under the indivisible agreement. In response, the State challenges the trial court's conclusion that Mr. Bergstrom's motion was timely, arguing that none of the exceptions to the one-year time bar under RCW 10.73.090 apply. We agree Mr. Bergstrom's motion is untimely, convert his direct appeal to a personal restraint petition (PRP), and dismiss it as untimely.

## BACKGROUND[3]

In April 2017, the State charged Mr. Bergstrom with possession of a stolen firearm, PCS, and two counts of attempting to elude a police vehicle. Mr. Bergstrom pleaded guilty to all four counts as part of an agreement in which the State pledged it

---

(unpublished), https://www.courts.wa.gov/opinions/pdf/385141_unp.pdf.;
*State v. Bergstrom*, No. 39363-1-III (Wash. Ct. App. March 7, 2024) (unpublished), https://www.courts.wa.gov/opinions/pdf/393631_unp.pdf.

[3] Many of these procedural facts are also documented in *Bergstrom*, No. 38514-1-III, slip op. at 1-14.

2

would not rely on out-of-state convictions in calculating his offender score, would

recommend a particular sentence, and would move to dismiss other pending charges.

The plea agreement anticipated Mr. Bergstrom would plead guilty to the four

counts on two different days. On April 13, 2017, Mr. Bergstrom entered an *Alford*[4] plea

of guilty to the charge of possession of a stolen firearm. His offender score was

calculated at "0," and the trial court sentenced him to a standard range sentence of six

months. Clerk's Papers (CP) at 18-19.

The next day, Mr. Bergstrom entered *Alford* pleas of guilty for PCS and two

counts of attempting to elude a police vehicle. His offender score for each count was

calculated at "3." CP at 33. The court sentenced him to a standard range sentence of

six months plus one day for the PCS conviction and six months for each conviction

of attempt to elude a police vehicle. The court ran all four sentences concurrently.

Mr. Bergstrom did not appeal these convictions.

In 2021, our Supreme Court decided *Blake*, declaring Washington's PCS statute

as unconstitutional and void. Following *Blake*, Mr. Bergstrom filed a motion to vacate

all four convictions he pleaded guilty to as part of the plea agreement. In his motion,

Mr. Bergstrom sought vacation of his convictions, but did not move to withdraw his

guilty pleas. The trial court granted his motion to vacate the PCS conviction, but denied

---

[4] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

his motion to vacate the other three convictions. The order denying Mr. Bergstrom's motion stated that Mr. Bergstrom "'may take any other action he deems appropriate as to the convictions in this matter, such as attacking the voluntariness of his pleas. Such a motion is outside the present motion.'" *State v. Bergstrom*, No. 38514-1-III, slip op. at 8 (Wash. Ct. App. Jan. 24, 2023) (quoting CP at 82).

Mr. Bergstrom appealed the trial court's denial of his motion to vacate his three remaining convictions. This court affirmed, holding that the trial court did not err when it concluded that the invalidation of his PCS conviction did not result in the invalidity of the remaining convictions. *Bergstrom*, slip op. at 8-10. For the first time on appeal, Mr. Bergstrom also argued that he was entitled to withdraw his guilty pleas to the three remaining convictions because he was incorrectly advised of the offender score and corresponding sentencing ranges. We concluded the issue was not a manifest error affecting a constitutional right and declined to review it. *Id*. at 11-13. We explained that Mr. Bergstrom would have to address his request to withdraw his guilty pleas with the trial court. *Id*. at 13. In doing so, we acknowledged that Mr. Bergstrom would need to show actual and substantial prejudice in order to withdraw his guilty pleas, which he failed to demonstrate on appeal with the limited record provided. *Id*. at 13.

In January 2022, while his appeal to this court was pending, Mr. Bergstrom filed a CrR 4.2(f) motion in the trial court to withdraw his 2017 guilty pleas. The trial court found his motion was time-barred and transferred it to this court as a PRP. Because of

4

the pending direct appeal, we stayed consideration of the PRP until the mandate was filed

in the direct appeal.

Once this court issued its mandate in the direct appeal, we lifted the stay on

Mr. Bergstrom's PRP. Relevant here, we concluded that: (1) Mr. Bergstrom's

convictions became final on April 14, 2017, and his PRP was time-barred under RCW

10.73.090; (2) Mr. Bergstrom's argument, that he was entitled to withdraw his guilty

pleas because he would have insisted on going to trial had he known the significance of

the change in the law, was insufficient to entitle him to relief; and (3) *State v. Olsen*[5]

foreclosed Mr. Bergstrom's argument that he was entitled to withdraw his guilty pleas.

We ultimately dismissed Mr. Bergstrom's PRP as "untimely, frivolous, and procedurally

barred." CP at 335.

In May 2023, Mr. Bergstrom again filed a motion in the trial court to withdraw his

guilty pleas, arguing that his "indivisible" plea agreement was unknowing and

involuntary because he was convicted for a nonexistent, unconstitutional offense, and had

suffered actual and substantial prejudice as a result. CP at 67.

The trial court denied Mr. Bergstrom's motion. The court indicated its decision

was guided by the Court of Appeals decision in *Olsen* and concluded, in-part, that:

(1) Mr. Bergstrom's motion was timely due to the change in the law based on *Blake*;

---

[5] 26 Wn. App. 2d 722, 530 P.3d 249 (2023).

5

(2) the PCS crime existed at the time of the plea; (3) Mr. Bergstrom was not misinformed about the elements or consequences of the plea; (4) subsequent changes in the law did not render his plea involuntary and unintelligent; and (5) "Mr. Bergstrom's assertion that he would not have taken the plea but for evidence on the PCS charge was insufficient to show actual and substantial prejudice." CP at 161.

Mr. Bergstrom timely appeals.

After Mr. Bergstrom filed the current appeal, the Washington Supreme Court granted review of *Olsen* and another similar pair of cases.[6] On Mr. Bergstrom's motion, we stayed review of this appeal until the Supreme Court issued its decisions in those cases. In September 2024, the Supreme Court issued its decisions. *State v. Olsen*, 3 Wn.3d 689, 555 P.3d 868 (2024); *State v. Willyard*, 3 Wn.3d 703, 555 P.3d 876 (2024). We subsequently lifted our stay of this appeal.

## ANALYSIS

Mr. Bergstrom contends that the trial court erred in denying his motion to withdraw his guilty pleas. The State responds that the trial court should have denied Mr. Bergstrom's motion as untimely. We agree with the State.

---

[6] *State v. Olsen*, 2 Wn.3d 1006, 539 P.3d 1 (2023); *State v. Willyard*, No. 56569-2-II (Wash. Ct. App. Aug. 1, 2023) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2056569-2-II%20Unpublished%20Opinion.pdf.; *State v. Willyard*, No. 56579-0-II (Wash. Ct. App. Aug. 1, 2023) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2056579-0-II%20Unpublished%20Opinion.pdf.

As a preliminary matter, we dispose of Mr. Bergstrom's argument that the State waived its claim that his motion was time-barred by failing to make this argument before the trial court. The Washington Supreme Court recently ruled that the State does not waive the time bar issue by failing to raise it in the trial court. *State v. Kelly*, 4 Wn.3d 170, 561 P.3d 246, 251-52 (2024). ("RCW 10.73.090's time bar is not an affirmative defense that may be waived; it is a procedural pathway for obtaining postconviction review."). Moreover, this court lacks the authority to ignore the statutory time bar. *In re Pers. Restraint of Tricomo*, 13 Wn. App. 2d 223, 250, 463 P.3d 760 (2020).

Having concluded that the State did not waive the time-bar issue, we turn to the timeliness of Mr. Bergstrom's motion. Whether a collateral attack is time-barred is a question of law that we review de novo. *State v. Bache*, 146 Wn. App. 897, 902, 193 P.3d 198 (2008).

A collateral attack is "any form of postconviction relief other than a direct appeal." RCW 10.73.090(2). A motion to withdraw a plea after judgment has been entered is a collateral attack. *State v. Buckman*, 190 Wn.2d 51, 60, 409 P.3d 193 (2018). Collateral attacks filed in superior court are governed by CrR 7.8. *State v. Waller*, 197 Wn.2d 218, 220, 481 P.3d 515 (2021).

CrR 7.8(c)(2) provides:

> The court shall transfer a motion filed by a defendant to the Court of
> Appeals for consideration as a personal restraint petition unless the court
> determines that the motion is not barred by RCW 10.73.090 and either (i)

7

the defendant has made a substantial showing that [he or she] is entitled to relief or (ii) resolution of the motion will require a factual hearing.

A collateral attack on a judgment and sentence may not be filed more than one year after the judgment and sentence becomes final. RCW 10.73.090(1). Because Mr. Bergstrom did not file a direct appeal of his convictions, his judgment became final on April 14, 2017, "[t]he date it [was] filed with the clerk of the trial court." RCW 10.73.090(3)(a); *see also Bergstrom*, slip op. at 4. Thus, a timely collateral attack must have been filed by April 14, 2018. Because Mr. Bergstrom filed this collateral attack more than three years after his convictions became final, we next address whether an exception to the time bar applies.

Former RCW 10.73.100 (1989) provides certain exceptions to the one-year time bar, two which are relevant to this appeal:

> (2) The statute that the defendant was convicted of violating was unconstitutional on its face or as applied to the defendant's conduct;
> . . . .
> (6) There has been a significant change in the law, whether substantive or procedural, which is material to the conviction, sentence, or other order entered in a criminal or civil proceeding instituted by the state or local government, and either the legislature has expressly provided that the change in the law is to be applied retroactively, or a court, in interpreting a change in the law that lacks express legislative intent regarding retroactive application, determines that sufficient reasons exist to require retroactive application of the changed legal standard.

Additionally, the time bar does not apply when a judgment and sentence is invalid on its face. *See In re Pers. Restraint of Yates*, 180 Wn.2d 33, 38, 321 P.3d 1195 (2014); RCW 10.73.090(1).

Here, the trial court concluded that Mr. Bergstrom's motion to withdraw his guilty pleas was "timely pursuant to the retroactive change in the law based on [*State v. Blake*]." CP at 160. Mr. Bergstrom contends the trial court's conclusion was correct under former RCW 10.73.100(2) and (6) and because the judgment and sentence was invalid on its face. The State argues against the applicability of those exceptions apply.

The Supreme Court's decisions in *Olsen* and *Willyard*, explicitly rejected Mr. Bergstrom's arguments. In *Olsen*, Mr. Olsen appealed the trial court's denial of his CrR 7.8 motion to withdraw several guilty pleas, included charges of simple drug possession, that were entered as part of the plea agreement. Mr. Olsen presented the same argument that Mr. Bergstrom makes here—that he had a due process right to withdraw his guilty pleas to the drug possession charges following *Blake*, and that he had a right to withdraw his non-drug related charges because the plea agreements were indivisible. *Olsen*, 3 Wn.3d at 694.

The Supreme Court disagreed and affirmed the denial of the motion, concluding that Mr. Olsen's motions to withdraw his pleas were time-barred. The court rejected Mr. Olsen's argument that RCW 10.73.100(6) provided an exception to the one-year time bar, noting that Mr. Olsen's guilty pleas to the drug possession charges did not become

invalid pursuant to *Blake*. *Id*. at 699. While *Blake* rendered the drug possession crime unconstitutional, and supported a motion to vacate a conviction for such, the case did not render the crime void ab initio or nonexistent. *Id*. Even after *Blake*, guilty pleas to the crime of simple drug possession are valid so long as they were knowing and voluntary when made. *Id*. Because *Blake* was not material to Mr. Olsen's claims that his pleas were invalid, RCW 10.73.100(6) did not provide an exception to the one-year time bar. *Id*. at 701.

Likewise, in *Willyard*, the Supreme Court held that Ms. Willyard's motion to withdraw her guilty pleas to crimes including simple drug possession were untimely. 3 Wn.3d at 710. In doing so, the court rejected Ms. Willyard's argument that RCW 10.73.100(2) provided an exception to the one-year time bar for motions to withdraw a guilty plea based on *Blake*. Ms. Willyard argued that she should be allowed to withdraw her pleas because the invalidation of her drug possession conviction changed her offender score on other convictions. Similar to the holding in *Olsen*, the court held that an incorrect offender score did not render a plea of guilty invalid. Vacating a conviction and withdrawing a plea are separate issues. *Id*.

*Olsen* and *Willyard* are controlling in Mr. Bergstrom's case. Mr. Bergstrom argues that RCW 10.73.100(2)'s exception to the time bar applies because the PCS statute was held to be unconstitutional. This argument was rejected in *Willyard*. While *Blake* allows Mr. Bergstrom to vacate prior convictions for simple drug possession, it

10

does not open the door to unrelated challenges to the voluntariness of his guilty plea to drug possession or any other charge.

Next, Mr. Bergstrom argues that RCW 10.73.100(6)'s exception to the one-year time bar applies. In *Olsen*, the court rejected this argument. While *Blake* is material to the conviction, it is not material to the plea.

Finally, Mr. Bergstrom argues that the facial invalidity exception to the one-year time bar applies to his motion to withdraw his guilty pleas because his judgment and sentence reflects a conviction for a "non existent crime." Br. of Appellant at 14-15; Reply Br. at 2-3. Again, this exact argument was rejected by the *Willyard* and *Olsen* courts, and we likewise reject it here. *Willyard*, 3 Wn.3d at 711-12; *Olsen*, 3 Wn.3d at 695-98.

Because none of the exceptions to the one-year time bar apply, the trial court erred when it determined that Mr. Bergstrom's motion was timely. Due to Mr. Bergstrom's motion being time-barred, the trial court should have transferred it to this court as a PRP. CrR 7.8(c)(2); *see also State v. Molnar*, 198 Wn.2d 500, 509-10, 497 P.3d 858 (2021). When a trial court does not transfer an untimely collateral attack to this court as required by the rule, we have authority in the interest of judicial economy to convert it to a PRP rather than remand it to the superior court only to have it transferred back to this court. *See State v. Smith*, 144 Wn. App. 860, 863-64, 184 P.3d 666 (2008). We may decline to

11

No. 39831-5-III
*State v. Bergstrom*

convert such a motion if it will infringe on a defendant's right to file his first PRP. *Id.*

Mr. Bergstrom has previously filed a PRP.

Generally, a PRP that is time-barred under RCW 10.73.090 will be dismissed. *See*

RAP 16.8.1(b). As explained above, Mr. Bergstrom fails to show that an exception to the

one-year time bar applies. Consequently, we convert Mr. Bergstrom's motion to a PRP

and dismiss it as time-barred.

A majority of the panel has determined this opinion will not be printed in

the Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Cooney, J.

WE CONCUR:

_____
Staab, A.C.J.

_____
Hill, T.[†]

_____

[†] Tyson R. Hill, an active judge of a court of general jurisdiction, is serving as a judge pro tempore of this court pursuant to RCW 2.06.150(1).

12